# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MALCOLM PHILLIPS,

    Petitioner,

v.

WARDEN, NOBLE CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:19-CV-03021
JUDGE SARAH D. MORRISON
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On December 13, 2019, the Magistrate Judge issued a Report and Recommendation recommending that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 7.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 8.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 8) is **OVERRULED**. The Report and Recommendation (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

This case involves Petitioner's convictions after a jury trial in the Franklin County Court of Common Pleas on possession of drugs with a firearm specification and having a weapon while under disability. Petitioner asserts that his convictions violate the Fourth Amendment and that the trial court unconstitutionally denied his motion for a new trial based on new evidence regarding police misconduct. The Magistrate Judge recommended dismissal of both of these claims as failing to provide a basis for federal habeas corpus relief. Petitioner objects to those recommendations.

Petitioner states that both of his claims raise the same issue regarding the denial of due process and the full and fair opportunity to litigate his Fourth Amendment claim based on the state courts refusal to grant him an evidentiary hearing upon the filing of his motion for a new trial due to undiscovered misconduct of two of the police officers. Petitioner argues that the state courts improperly denied him the opportunity to develop facts that would have shown that the late Officer Tye Downard and Officer Shane Mauger planted the drugs found in his storage unit and stole money from him. Therefore, Petitioner argues, *Stone v. Powell*, 428 U.S. 465 (1976), does not preclude relief. Referring to the dissenting opinion in the Ohio Court of Appeals' decision affirming the denial of his motion for a new trial, *see State v. Phillips*, 10th Dist. No. 17AP-21, 2017 WL 4334159, at *5-6 (Ohio Ct. App. Sept. 29, 2017),[1] Petitioner disputes the

---

[1] Judge Dorrian dissented in relevant part as follows:

{¶ 26} On the facts of the case before us, given the seriousness of the newly discovered evidence as well as the role Downard and Mauger played in the investigation leading to appellant being charged and tried for possession of cocaine and having a weapon while under disability, I would find it was improper to consider the merits of whether appellant is entitled to a new trial and that it was an abuse of discretion to deny appellant's motion for leave to file a motion for new trial.

{¶ 27} Finally, I disagree with the characterization by the majority of Downard's and Mauger's role in this case as "minor" and "[not] significant." (Majority Decision at ¶ 18 and 20.) As the majority notes, "[i]t was their initial investigation [by Downard and Mauger] of possible drug sales that caused law enforcement officers to suspect that appellant was engaged in criminal conduct." (Majority Decision at ¶ 12.) Mauger and Downard obtained and executed the search warrant of appellant's residence prior to the search of the storage unit. (Majority Decision at ¶ 13.) The record reflects that in his affidavit to establish probable cause to secure the search warrant for the storage unit, Whitehall Detective Grinstead included information regarding Downard's and Mauger's search of appellant's residence:

> On 1/31/12 at 7:10pm Reynoldsburg P.D. along with Columbus P.D. executed a narcotic search warrant at Malcolm Phillips residence located * * * in Columbus. Malcolm Phillips was present at this location. During a search of the residence officers located over $5,000.00 in cash and a small amount of powder cocaine. Also recovered as a result of the investigation was a set of digital scales with cocaine residue. See Reynoldsburg P.D. police report # 01-12-000691 for complete details.

(State's Memo. Contra Mot. to Suppress, Ex. 4 at 5.)

{¶ 28} Furthermore, Downard assisted Whitehall Police Department in securing the storage unit prior to the search. Finally, both Downard and Mauger testified at trial. Taking all this into consideration, I would find the involvement of Downard and Mauger in the investigation and

2

Petitioner states that both of his claims raise the same issue regarding the denial of due process and the full and fair opportunity to litigate his Fourth Amendment claim based on the state courts refusal to grant him an evidentiary hearing upon the filing of his motion for a new trial due to undiscovered misconduct of two of the police officers. Petitioner argues that the state courts improperly denied him the opportunity to develop facts that would have shown that the late Officer Tye Downard and Officer Shane Mauger planted the drugs found in his storage unit and stole money from him. Therefore, Petitioner argues, *Stone v. Powell*, 428 U.S. 465 (1976), does not preclude relief. Referring to the dissenting opinion in the Ohio Court of Appeals' decision affirming the denial of his motion for a new trial, *see State v. Phillips*, 10th Dist. No. 17AP-21, 2017 WL 4334159, at *5-6 (Ohio Ct. App. Sept. 29, 2017),[1] Petitioner disputes the

---

[1] Judge Dorrian dissented in relevant part as follows:

> {¶ 26} On the facts of the case before us, given the seriousness of the newly discovered evidence as well as the role Downard and Mauger played in the investigation leading to appellant being charged and tried for possession of cocaine and having a weapon while under disability, I would find it was improper to consider the merits of whether appellant is entitled to a new trial and that it was an abuse of discretion to deny appellant's motion for leave to file a motion for new trial.
>
> {¶ 27} Finally, I disagree with the characterization by the majority of Downard's and Mauger's role in this case as "minor" and "[not] significant." (Majority Decision at ¶ 18 and 20.) As the majority notes, "[i]t was their initial investigation [by Downard and Mauger] of possible drug sales that caused law enforcement officers to suspect that appellant was engaged in criminal conduct." (Majority Decision at ¶ 12.) Mauger and Downard obtained and executed the search warrant of appellant's residence prior to the search of the storage unit. (Majority Decision at ¶ 13.) The record reflects that in his affidavit to establish probable cause to secure the search warrant for the storage unit, Whitehall Detective Grinstead included information regarding Downard's and Mauger's search of appellant's residence:
>
>> On 1/31/12 at 7:10pm Reynoldsburg P.D. along with Columbus P.D. executed a narcotic search warrant at Malcolm Phillips residence located * * * in Columbus. Malcolm Phillips was present at this location. During a search of the residence officers located over $5,000.00 in cash and a small amount of powder cocaine. Also recovered as a result of the investigation was a set of digital scales with cocaine residue. See Reynoldsburg P.D. police report # 01-12-000691 for complete details.
>
> (State's Memo. Contra Mot. to Suppress, Ex. 4 at 5.)
>
> {¶ 28} Furthermore, Downard assisted Whitehall Police Department in securing the storage unit prior to the search. Finally, both Downard and Mauger testified at trial. Taking all this into consideration, I would find the involvement of Downard and Mauger in the investigation and

2

state courts' factual finding that neither Downard or Mauger played a significant role in the search of his automobile and storage unit. Petitioner further contends that other officers involved likely knew about the illegal activity of Downard and Mauger, both in reference to the charges against him and generally, in regard to the ongoing scheme involving theft of money and drugs obtained during search warrants to be sold through the use of confidential informants. (*Objection*, ECF No. 8, PAGEID # 1838-39.) Petitioner complains that he did not learn about the illegal activity of police until many months after trial and that testimony by police involved in criminal activity deprived him of a fair trial.

Petitioner's allegations are entirely unfounded and without support. He has failed to meet his burden of rebutting the presumption of correctness afforded to the state courts' factual findings. 28 U.S.C. § 2254(e). As discussed by the state appellate court, evidence obtained by Mauger and Downard did not form the basis of the charges against the Petitioner. Officers Mauger and Downard were employed with the Reynoldsburg police department. Officers from the Whitehall police department stopped the car in which Petitioner was a passenger for a license plate violation. When a dog alerted the presence of drugs, they searched the car and found marijuana, cocaine, and a business card for a storage facility. The Whitehall police thereafter brought a canine unit to the storage facility and when the dog alerted to the possibility of drugs, requested a warrant to search the storage unit. Inside, they discovered cocaine, guns, and a large amount of money, forming the basis for the charges against the Petitioner. *State v. Phillips*, 2017

---

ultimately in this case to be significant enough to warrant granting leave to file a motion for new trial.

{¶ 29} Therefore, I would sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas and remand to that court with instructions to grant the motion for leave to file a motion for new trial.

*State v. Phillips*, 2017 WL 4334159, at *5-6.

3

WL 4334159, at *3-4. Further development of the record regarding the criminal activities charged against Officers Mauger and Downard would not have assisted the Petitioner. His argument to the contrary amounts to mere speculation. The record does not support his claim that the state courts deprived him of a full and fair opportunity for litigation of his Fourth Amendment claim, or that he was denied due process because the trial court refused to grant him an evidentiary hearing on his motion for a new trial.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 8) is **OVERRULED**. The Report and Recommendation (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

WL 4334159, at *3-4. Further development of the record regarding the criminal activities charged against Officers Mauger and Downard would not have assisted the Petitioner. His argument to the contrary amounts to mere speculation. The record does not support his claim that the state courts deprived him of a full and fair opportunity for litigation of his Fourth Amendment claim, or that he was denied due process because the trial court refused to grant him an evidentiary hearing on his motion for a new trial.

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 8) is **OVERRULED**. The Report and Recommendation (ECF No. 7) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). The petitioner must establish the substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (recognizing codification of Barefoot in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack*, 529 U.S. at 484 (quoting *Barefoot,* 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claims as failing to provide a basis for relief. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court **CERTIFIES** that the appeal would not be in good faith such that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

_____
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

5